IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 10, 2018

**STATE OF TENNESSEE v. TONY ARNELL BRITTON**

**Appeal from the Criminal Court for Shelby County**
**No. 11-00079            James M. Lammey, Judge**

_____

**No. W2017-01817-CCA-R3-CD**

_____

The pro se Defendant, Tony Arnell Britton, appeals from the trial court's denial of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. After thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Tony Arnell Britton, Nashville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Glen Baity, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On December 6, 2011, the Defendant pled guilty to second degree murder and was sentenced to twenty-five years of imprisonment as a Range I, standard offender. Tony Britton v. State, No. W2016-01298-CCA-R3-PC, 2017 WL 3600463, at *1 (Tenn. Crim. App. Aug. 21, 2017). He filed a pro se petition for post-conviction relief on May 11, 2015, alleging ineffective assistance of counsel and an involuntary and unknowing guilty plea. The post-conviction court dismissed that petition on July 20, 2015, finding it to be time-barred, and this court affirmed the dismissal on appeal. Id.

On July 27, 2017, the Defendant filed a pro se "Motion to Vacate, Correct And/Or Otherwise Set Aside Illegal Sentence and Judgment." In his motion, the Defendant asserted that he received an illegal sentence because he pled guilty unknowingly and involuntarily; that he received ineffective assistance of counsel; that the trial court violated Blakely v. Washington, 542 U.S. 296 (2004), by basing its sentencing decision on "judicially determined facts"; and that his sentence was illegal because the trial court did not find any enhancement factors. The trial court denied his motion on August 11, 2017, finding that he had not stated a colorable claim for relief from an illegal sentence because he received the agreed-upon sentence as part of a negotiated plea bargain.

## ANALYSIS

The Defendant argues on appeal, as he seemingly argued in his Rule 36.1 motion, that he received an illegal sentence for his conviction of second degree murder because the trial court did not find any enhancement factors and because the sentence is "unauthorize[d]" and outside of "statutory or Constitutional limitations" based on its violation of Blakely. The State responds that the Defendant's Rule 36.1 motion is procedurally deficient, and even if it was not, he has not asserted a colorable claim for relief under Rule 36.1. We agree with the State.

Rule 36.1, as effectively amended on July 1, 2016, mandates that a defendant follow four procedural requirements in filing a motion to correct an illegal sentence. Tenn. R. Crim. P. 36.1(a)(1). As is relevant in the instant case, "[t]he movant must attach to the motion a copy of each judgment order at issue and may attach other relevant documents[,]" and the motion must "state that it is the first motion for the correction of the illegal sentence" or contain "a copy of each previous motion and the court's disposition thereof or shall state satisfactory reasons for the failure to do so." Id.

The Defendant failed to follow the procedural requirements of Rule 36.1; he did not attach the judgment containing the allegedly illegal sentence at issue, and he did not state whether he filed a Rule 36.1 motion previous to the instant motion at issue. In failing to adhere to the Rule 36.1 procedural requirements, the Defendant has failed to provide this court with a sufficient record to review on appeal. Such an insufficiency prevents us from reaching the merits of the Defendant's Rule 36.1 motion.

Even if we were to consider the Defendant's motion on the merits, he has not asserted a colorable claim for relief from an illegal sentence. Rule 36.1 provides "a mechanism for the defendant or the State to seek to correct an illegal sentence." State v. Brown, 479 S.W.3d 200, 208-09 (Tenn. 2015). An illegal sentence is defined as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). When a defendant files a motion under Rule 36.1,

the trial court must determine whether the motion "states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). In the context of Rule 36.1, a colorable claim is a claim that, "if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015).

In Cantrell v. Easterling, our supreme court explained that there are three general categories of sentencing errors, consisting of clerical, appealable, and fatal errors, though only fatal errors render a sentence illegal. Cantrell v. Easterling, 346 S.W.3d 445, 449-52 (Tenn. 2011). Later, in Brown, 479 S.W.3d at 208, our supreme court noted that "[c]laims of appealable error generally involve attacks on the correctness of the methodology the trial court used to impose sentence." Cited in Brown to further explain this point was the opinion of this court in State v. Jonathan T. Deal, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014), where we concluded that:

> [T]he Defendant's initial assertions concerning the methodology used by the trial court in imposing sentence did not set forth a colorable claim cognizable under Rule 36.1. Rule 36.1 provides an avenue for pursuing the correction of illegal sentences, defined by the Rule as a sentence "not authorized by the applicable statutes" or a sentence "that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). See also Cantrell, 346 S.W.3d at 452-53 (setting forth the definition, and examples, of illegal sentences).

Thus, the Rule is directed at the sentence finally imposed, not the methodology by which it is imposed. The Defendant asserts that he was sentenced outside of the statutorily authorized range for his conviction of second degree murder, a Class A felony. See Tenn. Code Ann. § 39-13-210(c). However, the authorized range for a Class A felony as a Range I offender is between fifteen and twenty-five years. Id. § 40-35-112(a)(1). Therefore, the trial court's sentence was within the authorized range for second degree murder and is not illegal. This contention it without merit.

The Defendant also asserts that his sentence was enhanced in violation of Blakely. However, this court has repeatedly held that a Blakely violation does not constitute an illegal sentence for purposes of Rule 36.1. See State v. Atlanta Pearl Hardy, No. M2017-00537-CCA-R3-CD, 2017 WL 3492060, at *3 (Tenn. Crim. App. Aug. 15, 2017), perm. app. denied (Tenn. Nov. 16, 2017); State v. Rafael Antonio Bush, No. M2014-00193-CCA-R2-CD, 2014 WL 7204637, at *4 (Tenn. Crim. App. Dec. 18, 2014), perm. app. denied (Tenn. Mar. 12, 2015). Instead, such a violation is considered an appealable error. Wooden, 478 S.W.3d at 595-96. With respect to any arguments the Defendant asserts

regarding ineffective assistance of counsel or an involuntary and unknowing guilty plea, this court has held that such errors, if in existence, constitute appealable, rather than fatal, errors. State v. Markhayle Jackson, No. W2015-02068-CCA-R3-CD, 2016 WL 7664771, at *2 (Tenn. Crim. App. May 31, 2016). We therefore affirm the trial court's finding that the Defendant's Rule 36.1 motion failed to state a colorable claim for relief and its subsequent denial of the motion.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE